FITZGERALD RENO, INC., Plaintiff,

and

Tax Accountability Projx, et al.,
Plaintiffs—Appellants,

v.

U.S. DEPARTMENT OF TRANSPOR-
TATION, Defendant—Appellee,

and

Nevada Transportation Department,
et al., Defendants.

No. 02–15288.

D.C. No. CV–01–00193–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided Feb. 26, 2003.

Before NOONAN, THOMAS, and
CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellants appeal the district
court's dismissal for lack of standing and
denial of a preliminary injunction to enjoin
funding and construction of the Reno
Transportation Rail Access Corridor Pro-
ject ("ReTRAC"). Because the parties are
familiar with the facts, they are not recited
herein. We have jurisdiction under 28
U.S.C. § 1291, and we affirm.

In reviewing a motion to dismiss, we
limit our inquiry to the complaint and ap-
pended affidavits. *See, e.g., Western Ctr.
For Journalism v. Cederquist*, 235 F.3d
1153, 1154 n. 1 (9th Cir.2000). Prudential
standing under NEPA requires that plain-
tiffs allege interests within NEPA's envi-
ronmental "zone of interests," whereby
purely economic interests are not sufficient
to confer prudential standing. *See Nevada
Land Action Ass'n v. U.S. Forest Service*,
8 F.3d 713, 716 (9th Cir.1993). Plaintiffs'
concerns appear to be economic rather
than environmental. TTAX has no stand-
ing because it is a taxpayer organization
whose purported environmental interests
are not germane to its members. *See
Presidio Golf Club v. National Park Ser-*

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Circuit Rule 36–3.

**54**

*vice,* 155 F.3d 1153, 1159 (9th Cir.1998). As to the other plaintiffs, although on appeal much is said about water contamination and other environmental harms, *none* of those plaintiffs asserted any such concerns in their affidavits. The complaint made allegations regarding noise, dust, vibrations and fumes, but plaintiffs' expressed concerns were that their "businesses" will be affected.

Appellants have argued that they are opposed to destruction of the historic building that houses the Men's Club, operated by one of the plaintiffs, the French Quarter. But the complaint did not mention historic value, and the only affidavit to talk about the building–Eugene Canepa's– merely stated that the Men's Club operates out of a historic building. Canepa never asserted any concern about its historic value. To the contrary, he focused solely on the financial ruin that ReTRAC allegedly will cause.

In sum, although we agree that noise, dust, vibrations and fumes might otherwise confer prudential standing, when we look at the complaint and affidavits in a light most favorable to plaintiffs, plaintiffs have not alleged concern about such harms from a non-business standpoint. This is in contrast to a case where–despite economic interests–distinct environmental interests are sufficiently alleged to confer NEPA standing. Accordingly, no plaintiff has prudential standing. *See Nevada Land Action,* 8 F.3d at 716.

We also affirm the denial of a preliminary injunction. To be entitled to preliminary injunctive relief, plaintiffs must demonstrate either: (1) a combination of probable success on the merits combined with a possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips in plaintiffs' favor. *See Idaho Sporting Congress Inc. v. Alexander,* 222 F.3d 562, 565 (9th Cir.

2000) (citation omitted). The district court did not abuse its discretion in concluding that (a) success on the merits of their NEPA claims is unlikely and (b) the balance of hardships tips against plaintiffs due to ReTRAC's environmental/aesthetic goals.

For the foregoing reasons we AFFIRM.